## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| VALERO ARDMORE REFINERY, | § | |
| VALERO REFINING COMPANY, | § | Cause No.: 3:14-mc-103 |
| VALERO ENERGY CORPORATION, | § | |
| and | § | |
| VALERO MARKETING AND SUPPLY | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS VALERO COMPANIES c/o J.V. INDUSTRIAL COMPANIES, LTD.'S
SPECIAL APPEARANCE, MOTION TO DISMISS AND SUBJECT THERETO
AND IN THE ALTERNATIVE, RESPONSE TO PLAINTIFF'S MOTION TO VACATE
ARBITRATION AWARD**

COME NOW, Defendants Valero Companies c/o J.V. Industrial Companies, Ltd.

("Valero"), making a special appearance pursuant to Federal Rule 12(b), and hereby file

their Motion to Dismiss and Subject Thereto and in the Alternative, Motion to Confirm

Arbitration Award and Response to Plaintiff's Motion to Vacate Arbitration Award. This

special appearance is filed prior to any other pleading or motion in this case and all

subsequent pleadings filed by Defendants are filed subject to this special appearance.

Furthermore, Defendants reserve the right to assert remaining defenses and objections

enumerated in Federal Rule 12(b).

Defendants respectfully request that this Court dismiss Plaintiff's Motion to

Vacate Arbitration Award for the following reasons:

## ARGUMENTS

**I.      Plaintiff Did Not Effect Proper Service Within 9 U.S.C. § 12's Three Month Limitations Period**

**II.     Even if Served Properly, Plaintiff's Motion Has No Merit Because Defendants Committed No Acts of Fraud Or Undue Means**

## BACKGROUND AND PROCEDURAL HISTORY

James Moore ("Plaintiff"), an employee of J.V. Industrial Companies ("J.V."), was allegedly injured on January 16, 2008 while working at a Valero refinery in Ardmore, Oklahoma.[1]   J.V. was a contractor doing work for Valero at Valero's Ardmore refinery. Valero provided workers' compensation insurance coverage to J.V.'s employees as per the Alliance Work Agreement between J.V. and Valero, which stated that all arbitrations would be controlled by Texas law.[2]   On June 13, 2007 Plaintiff executed an agreement to arbitrate any future claims against Defendants, his then employer.[3]

As a result of the alleged incident, Plaintiff filed a worker's compensation claim on January 31, 2008.[4]   The claim was resolved by compromise settlement on October 9, 2012, awarding Plaintiff $23,000.00.[5]   This amount was awarded to Plaintiff, in addition to the provision of all reasonable and necessary medical services for the treatment of the alleged injury.[6]

While Plaintiff was receiving treatment paid by his worker's compensation coverage, he also filed suit in district court on January 14, 2010.[7]   However, this suit was dismissed on December 28, 2011, due to the Arbitration Agreement which Plaintiff

---

[1] *See* Moore's Statement of the Case, Exh. A, No. 4.
[2] *See* Alliance Work Agreement, Exh. B. at p. 8, 78-9; *see also* Affidavit by Diane M. Hirsch, Exh. C.
[3] *See* Arbitration Agreement, Exh. D. at p. 2; *see also* Exh. C.
[4] *See* Moore's original filing of Workers' Compensation, Exh. E.
[5] *See* Compromise Settlement, Exh. F.
[6] *See id.*
[7] *See* Original Petition, Exh. G.

signed, agreeing to use arbitration to settle any differences between Defendants.[8]   Per the Arbitration Agreement, the date by which he was to make a timely request for arbitration was January 16, 2010. However, it was not until five years after the incident, on September 3, 2013, that Plaintiff filed his Demand with the American Arbitration Association.[9]

On April 4, 2014 arbitrator Carlos Lopez issued an arbitration award finding that Plaintiff's arbitration demand was filed beyond the statute of limitations. Following the submission of this award, Plaintiff drafted and filed a Motion to Vacate Arbitration Award with the Court on June 30, 2014, yet failed to serve notice of his motion on Defendants as strictly mandated by 9 U.S.C. § 12. This failure to execute service has produced a myriad of issues for the Defendants with regards to compliance with 9 U.S.C., timelines for responsive pleadings, etc. As of today, Plaintiff has yet to provide actual service to Valero in accordance with the federal statute.

<u>**ANALYSIS**</u>

I.     **Plaintiff Did Not Effect Proper Service Within The Three Month Limitations Period**

A. **Plaintiff Did Not Effect Proper Service.**

In detailing how a party to an arbitration award may vacate, modify or correct an arbitration award, 9 U.S.C. § 12 provides specific procedures for how such motion must be served. The statute states:

> Notice of a motion to vacate... an award must be served upon the adverse party or his attorney within three months

---

[8] *See* Arbitration Agreement, Exh. D.
[9] Note: According to the Alliance Work Agreement between Valero and JV, the choice of law and forum "shall be governed exclusively by, and construed exclusively in accordance with, Texas law and any applicable federal law, without regard to conflicts of laws, rules, or principles as applied in Texas." *See* Alliance Work Agreement at 27, Exh. B.

> after the award is filed or delivered. If the adverse party is a
> resident of the district within which the award was made,
> such service shall be made upon the adverse party or his
> attorney as prescribed by law for service of notice of motion
> in an action in the same court.[10]

Since the Defendants are residents of the United States District Court for the Northern District of Texas, the district within which the award was made, the local rules of the court govern service of process. Local Rule 5 addresses proper filing and serving of pleadings and pursuant to Local Rule 5.1(d), for service by electronic means to be deemed valid and sufficient, the notice of electronic filing that is automatically generated by ECF (Electronic Case Filing) must be delivered to the opposing party if that party is registered user of ECF[11].

On June 30, 2014, Plaintiff faxed Defendants, registered users of ECF[12], a copy of his Motion to Vacate. This faxed copy was not accompanied with the automatically generated ECF notice of electronic filing, per the Court's rule.[13] Thus, the Plaintiff's transmission of his Motion to Vacate was in direct contravention of 9 U.S.C. § 12's express and unambiguous requirement, and was accordingly insufficient.

When service of process is insufficient, the court may quash the service or dismiss the suit.[14] Because Plaintiff's the service of notice of his Motion to Vacate Arbitration was insufficient, the Court should dismiss Plaintiff's motion.

### B. Plaintiff's Motion is Time Barred By 9 U.S.C. § 12's Statute of Limitations

---

[10] 9 U.S.C. § 12.
[11] N.D. Tex. R. 5.1d.
[12] *See* Affidavit of Soluto Uba, Exh. H.
[13] *See* Plaintiff's Motion To Vacate Arbitration Award, Exh. I
[14] *See Adams v. Allied Signal Gen. Aviation Avionics*, 74 F. 3d 882, 886 (8th Cir. 1996).

9 U.S.C. § 12 states that "notice of a motion to vacate... an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."[15] The Fifth Circuit has recently considered the three-month limitations period for service pursuant to 9 U.S.C. § 12, and has confirmed that service of the motion to vacate must be made within three months from the filing or delivery of the arbitration award in order to be timely.[16] This finding serves to compliment the trove of federal case-law confirming that an untimely motion to vacate must be denied.[17] Additionally, it has been well settled in the Fifth, and many other U.S. Circuit Courts, that a party who does not serve her motion to vacate on the adverse party within three months after the award is filed or delivered, "forfeits the right to judicial review of the award.[18]" When judicial review is forfeited, a motion must thereafter be dismissed.

While Plaintiff faxed Defendants a copy of his motion to Plaintiff on June 30, 2014, this transmission did not constitute service per the statute as well as the local rules of the district court. Using April 4, 2014, the date that the arbitration award was delivered to the parties, as a starting point, the deadline for Plaintiff to serve notice of his motion to vacate on Defendants was July 4, 2014. Accordingly, since the July 4, 2014 deadline has expired, Plaintiff's motion was not served on Defendants within three months of April 4, 2014 and should thus be dismissed as it is time barred.

## II.   Even If Served Properly, Plaintiff's Motion Lacks Merit Because Defendants Committed No Acts Of Fraud Or Undue Means.

---

[15] 9 U.S.C. § 12.

[16] See *Alvarado v. Wells Fargo Advisors, LLC*, 2011 WL 677354 (S.D. Tex. Feb. 15, 2011).

[17] See *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).

[18] See, *Jason v. Halliburton Co.*, 2002 WL 31319945 (E.D. La. Oct. 15, 2002); see also *Smith v. Shell Chem. Co.*, 333 F. Supp. 2d 579, 585 (M.D. La. 2004); *Pfannestiel v. Merrill Lynch*, 477 F.3d 1155, 1158 (10th Cir. 2007); *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1212 (6th Cir. 1982); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981).

### A. The Court Should Deny Plaintiff's Motion To Vacate On The Basis Of 9 U.S.C. § 10(a)(1) Because Plaintiff Has Failed To Allege Acts Of Fraud Or Undue Means.

Pursuant to 9 U.S.C. §10(a), courts will grant a motion to vacate an arbitration award only when a party to the arbitration or an arbitrator has committed intentional wrongdoing. Specifically, 9 U.S.C. §10(a)(1) states that an arbitration award may be vacated "where the award was procured by corruption, fraud, or undue means"[19]

Courts have concluded that an arbitration award is procured by fraud when a party or its witnesses intentionally mislead the arbitrator on material issues.[20] Courts have invalidated arbitration awards on the basis of corruption or undue means when a party has bribed or threatened an arbitrator.[21] Ultimately, courts will vacate an arbitration award under § 10(a) only in the face of evidence of intentional misconduct by one of the parties or by the arbitrators.[22]

In the present matter, Plaintiff does not allege any facts that would support a conclusion that the arbitration award was procured through fraud or undue means. Plaintiff has not pleaded facts in support of a claim of fraud as he does not allege that Defendants lied to or misled the arbitrator.[23] Plaintiff likewise has not alleged any facts that would support a conclusion that Defendants procured the award through undue means as they do not allege that Defendants bribed, threatened or exerted other

---

[19] 9 U.S.C. §10(a).
[20] *Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383-84 (*11th Cir. 1988).
[21] *See, e.g., American Postal Workers Union v. United States Postal Serv., 52 F.3d 359, 362 (D.C. Cir. 1995)* ("'[U]ndue means must be limited to an action by a party that is equivalent in gravity to corruption or fraud, such as a physical threat to an arbitrator or other improper influence.''").
[22] *Paine Webber Group, Inc. v. Zinsmeyer Trusts P'ship, 187 F.3d 988, 991* (8th Cir. 1999).
[23] *See Bonar v. Dean Witter Reynolds, Inc.,* 835 F.2d at 1383-84; *International Brotherhood of Teamsters,* 335 F.3d at 503.

improper pressure upon any of the arbitrators.[24] Instead, Plaintiff's entire claim is premised on the theory that Defendants were obliged to inform or advise him of the arbitration agreement he signed.[25] However, the relevant caselaw holds this position to be entirely unfounded.

### B. Plaintiff's Ignorance Of His Arbitration Agreement Is Not A Basis For Claims Of Fraud Or Undue Means Because Defendants Had No Duty To Inform Or Advise Plaintiff of Arbitration Agreement.

It has been well established in the Fifth Circuit that parties to a contract have an inherent duty to read the terms of a contract prior to signing; that is, a party may neither neglect to become familiar with the terms and conditions and then later complain of lack of knowledge, nor avoid a written contract merely because he or she failed to read it.[26] In the instant matter, Plaintiff may not escape the statute of limitations provisions of his arbitration agreement by simply stating he was not aware of it, nor may he accuse Defendants of fraud, for not advising him of it.

The Fifth Circuit addressed a similar set of circumstances in the case of *MS Credit Center, Inc. v. Horton*. In this case, the plaintiff argued she should not be subject to the arbitration agreement she signed because she was ignorant to its terms and the defendant failed to advise her of them. The court in that case reiterated, however, that the defendant had no duty to inform the plaintiff of the terms of an arbitration agreement she signed, and found judgment for the defendant.[27]

Accordingly, in the present matter, it is Plaintiff's contention that because he was ignorant of the terms of the arbitration agreement he availed himself to, and Defendants

---

[24]  *American Postal Workers Union v. United States Postal Serv.*, 52 F.3d at 362;  *Paine Webber Group, Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d at 991.
[25] *See* Exh. I, ¶ 16.
[26] *Titan Indem. Co. v. City of Brandon*, Miss., 27 F.Supp.2d 693, 697 (S.D.Miss.1997).
[27] *See MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 176 (Miss. 2006).

did not perform his due diligence for him and inform him of those terms, they are somehow liable for fraud or undue means. Unfortunately for Plaintiff, there is no law that supports this assertion, and these allegations, accordingly, have no merit.

Defendants did not deceive, mislead, bribe, threaten, or exert some improper pressure on the arbitrator. Furthermore, since Defendants had no obligation to advise Plaintiff of the terms of the arbitration agreement he signed, and Plaintiff had a duty to abide by the terms of said agreement, Defendant is not liable for fraud or undue means. Thus, the Plaintiff's allegations are without merit and the court should deny his motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion to Dismiss Plaintiff's Motion to Vacate Arbitration Award and, in the alternative, enter judgment on their behalf denying the Plaintiff's Motion to Vacate Arbitration Award.

Respectfully submitted,

*/s/ D. Bowen Berry*
D. BOWEN BERRY
Texas Bar No. 02233280
berry@berryfirm.com
SOLUTO UBA
State Bar No. 24084435
uba@berryfirm.com

**THE BERRY FIRM, P.L.L.C.**
Adolphus Tower
1412 Main Street, Suite 2300
Dallas, Texas  75202
214.915.9800 - telephone
214.752.8250 - fax

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been forwarded to the following counsel of record this 24th day of July, 2014, as follows:

***Via ECF Service***
W. Cullen McMahon
W. Cullen McMahon, PLLC
One Galleria Tower
13355 Noel Road, Suite 1370
Dallas, TX 75240
cullen@mcmahonlawfirm.com

*/s/ D. Bowen Berry*
D. Bowen Berry/Soluto Uba