**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JAMES MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case Number: 3:14-mc-00103-M |
| VALERO ARDMORE REFINERY, | § | |
| VALERO REFINING COMPANY | § | |
| VALERO ENERGY CORPORATION, | § | |
| and VALERO MARKETING AND | § | |
| SUPPLY COMPANY, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Motion to Vacate Arbitration Award, which Defendants have filed pursuant to a special appearance. [Docket Entry #2]. For the reasons stated below, the Motion is **GRANTED**. Accordingly, Plaintiff's Motion to Vacate Arbitration Award is **DENIED**.

**I.   Facts**

In January of 2008, JV Industrial Companies, not a party to this lawsuit, hired Plaintiff James Moore ("Plaintiff") to work as a welder at the Valero Ardmore Refinery in Ardmore, Oklahoma. The Valero Refinery used JV Industrial Companies as a contractor and agreed to provide workers' compensation insurance to JV Industrial Companies' employees who worked at the refinery, including Plaintiff.

On January 16, 2008, Plaintiff was injured at the refinery when a fellow employee negligently exposed him to hydrofluoric gas. Plaintiff filed a claim for workers' compensation,

1

and in October 2012, Plaintiff was awarded an amount in settlement, including payment of medical expenses. Plaintiff also filed a lawsuit in Oklahoma state court, but the suit was dismissed because the court found that Plaintiff had agreed to arbitrate all of his claims against Defendants. On September 3, 2013, almost five years after he was injured, Plaintiff filed a request for arbitration. On April 1, 2014, the arbitrator found that Plaintiff's demand for arbitration was untimely under the agreement to arbitrate by which Plaintiff was bound, which required Plaintiff to have filed a request for arbitration within two years of his injury.

On June 30, 2014, Plaintiff filed a Motion to Vacate Arbitration Award in this Court, pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, seeking to reverse the arbitrator's decision of untimeliness. The day he filed the Motion, Plaintiff's attorney, W. Cullen McMahon, e-mailed Jess Junek, an assistant to the attorneys who had represented Defendants in the arbitration, with the Motion to Vacate attached. Deborah Junek, another attorney of record in the arbitration, responded to Mr. McMahon's e-mail to Jess Junek, telling Mr. McMahon to "please copy" another attorney, Bo Berry, and his assistant. Deborah Junek also wrote, "I am leaving the firm to go to law school," apparently speaking on behalf of Jess Junek. Mr. McMahon then sent Mr. Berry an e-mail with the Motion to Vacate attached, explaining that he had filed the Motion earlier that day.

On July 24, 2014, Defendants filed their "Special Appearance, Motion to Dismiss and Subject Thereto and in the Alternative, Response to Plaintiff's Motion to Vacate Arbitration Award." [Docket Entry #2]. Defendants' Motion to Dismiss is based on Defendants' argument that Plaintiff's Motion to Vacate was never properly served, and that the time for Plaintiff to challenge the arbitrator's decision has expired.

## II.     Legal Standard

The Federal Arbitration Act authorizes a party to an arbitration proceeding to file a Motion to Vacate an arbitration award in a federal district court. 9 U.S.C. § 10. However, in addition to limiting the substantive grounds for pursuing such a Motion under the FAA, the FAA has strict procedural requirements. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "A party who fails to timely serve notice of such a motion forfeits his or her right to seek judicial review of the award." *Garner v. MBNA Am. Bank, N.A.*, No. 3:05-CV-1029-R, 2006 WL 2354939, at *2 (N.D. Tex. Aug. 14, 2006) (Buchmeyer, J.).

The manner in which process is served depends on whether the adverse party to the Motion to Vacate is a resident of the district in which the arbitration award was made. If so, "service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C. § 12. Here, Defendants are residents of the Northern District of Texas, and the arbitration award was made in the Northern District of Texas. Therefore, the rules for service of process in the Northern District of Texas govern.

Federal Rule of Civil Procedure 5 provides that "pleading(s) filed after the original complaint" and "written motion(s)" must be "served on every party." Fed. R. Civ. P. 5(a)(1)(B), (D). Rule 5 also provides a list of acceptable methods of service. Fed. R. Civ. P. 5(a)(2). Pertinent to this case, Rule 5(a)(2)(E) permits service by "electronic means *if* the person consented in writing." Fed. R. Civ. P. 5(a)(2)(E) (emphasis added).

**III.     Application**

Plaintiff did not serve notice of his Motion through the Northern District of Texas's Electronic Court Filing program ("ECF."), which would have been sufficient.[1] Plaintiff maintains that the e-mail of Mr. McMahon, Plaintiff's attorney, to Mr. Berry was sufficient to serve notice under Fed. R. Civ. P. 5(a)(2)(E), because Defendant consented to the e-mail service through Deborah Junek's e-mail instructing Mr. McMahon to "copy" Mr. Berry.

The Court disagrees. Consent to electronic service under Fed. R. Civ. P. 5(b)(2)(E) must be expressly given, in writing, and it cannot be implied. *See* Fed. R. Civ. P. 5, Advisory Committee Notes to 2001 Amendments ("The consent must be express, and cannot be implied from conduct"); *Standard Morgan Partners, Ltd. v. Union Ins. Co.*, No. H-09-4145, 2011 WL 1806499, at *1 (S.D. Tex. May 11, 2011) ("[E]lectronic service is permissible only when the person served has agreed to such service in writing.").

Deborah Junek's reply e-mail to Mr. McMahon was insufficient to constitute consent under Rule 5 to serve by e-mail. There is nothing in the e-mail to suggest that Deborah Junek had any idea that Mr. McMahon was attempting to serve formal notice, nor does Mr. McMahon's e-mail indicate his intention that the e-mail substitute for other service. If anything, Deborah Junek's e-mail disclaimed her own authority to act on the case because she immediately directed Mr. McMahon to correspond with a different person. Furthermore, there is nothing on the record

---

[1] Rule 5 provides that parties who serve each other electronically in accordance with applicable local rules properly serve each other under the federal rule. Fed. R. Civ. P. 5(a)(3) ("If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)."). Local Rule 5.1 provides that "[d]elivery of the notice of electronic filing that is automatically generated by ECF constitutes service under Fed. R. Civ. P. 5(b)(2)(E) on each party who is a registered user of ECF." Local Rule 5.1(d). That rule, however, cannot apply where counsel has not made an appearance or otherwise agreed to accept electronic service for his client.

to suggest, nor does Plaintiff argue, that Mr. Barry responded in a way that could possibly amount to consent to electronic service of the Motion. There is no evidence Defendants gave consent to being served by e-mail.

Because service on Defendant's arbitration counsel by e-mail is not authorized by the federal or local rules, Plaintiff failed to properly serve notice of his Motion on Defendants within the time period prescribed by 9 U.S.C. § 12, and he thus forfeited his right to seek this Court's review of the arbitration award. *See Garner v. MBNA Am. Bank, N.A.*, No. 3:05-CV-1029-R, 2006 WL 2354939, at *2 (N.D. Tex. Aug. 14, 2006) (Buchmeyer, J.). In his Response to the Motion to Dismiss, Plaintiff argues "[a]s the Motion to Vacate was a new action and Defendants' counsel would not have entered an appearance, thus not attached to the case via ECF, [an e-mail] seemed to be the most logical and efficient method to provide service." Yet "ignorance of local rules or misconstruction of their applicability does not merit relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

**IV.    Conclusion**

Because Plaintiff failed to provide proper service on Defendants of its Motion to Vacate Arbitration Award within the time prescribed by 9 U.S.C. § 12, Plaintiff has forfeited his right to seek judicial review of the arbitration award. Although alternatively, the Plaintiff seeks permission to now serve the Defendants, the Court cannot allow that, because proper service had to be made by July 4, 2014, to satisfy 9 U.S.C. § 12, and that cannot be cured. Accordingly, Defendants' Motion to Dismiss the Motion to Vacate Arbitration Award is **GRANTED**.

**SO ORDERED.**

January 9, 2015.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS